# Wheeling, Pittsburgh, etc., R. R. Co., Appt., v. Chartiers Connecting R. R. Co.

Under act of 1871, § 2 (Pamph. L. 1860), and the circumstances of this case,—*Held*, that it was proper to enjoin a railroad company, until the extent of its right and the least injurious mode of exercising it could be judicially ascertained, from constructing a crossing of the first-mentioned company's track; and that it was also proper to allow the second company a temporary track and to require it to give security to indemnify the first for all damages, etc.

(Decided November 2, 1885.)

Appeal from a decree of the Common Pleas of Washington County, in equity, continuing a temporary injunction. Modified.

The bill in equity which was the origin of these proceedings was filed for the purpose of procuring a regulation by the court below of a crossing by the Chartiers Connecting Railroad Company of the road of the Wheeling, Pittsburgh, & Baltimore Railroad Company (the appellant herein and complainant in the court below), and to procure injunction restraining the appellee from making its crossing until the court should make its decree and until security given as required by the Constitution.

The appellant, the Wheeling, Pittsburgh, & Baltimore Railroad Company, is the successor of the Hempfield Railroad Company, and became invested with its franchises through a judicial

NOTE.—The act of June 19, 1871, is to be construed to prevent all grade crossings except where absolutely necessary. Perry County R. Extension Co. v. Newport & S. Valley R. Co. 150 Pa. 193, 24 Atl. 709. But if the conditions are such as to require it, the court may permit it. Pennsylvania S. Valley R. Co. v. Philadelphia & R. R. Co. 160 Pa. 277, 28 Atl. 784; Moosic Mountain & C. R. Co.'s Appeal (Pa.) 13 Atl. 915; Du Bois Traction Pass. R. Co. v. Buffalo, R. & P. R. Co. 149 Pa. 1, 24 Atl. 179. The act is applicable to street railways chartered under the act of May 14, 1889. Pennsylvania R. Co. v. Braddock Electric R. Co. 152 Pa. 116, 25 Atl. 780; Delaware & H. Canal Co. v. Scranton & P. Traction Co. 7 Kulp, 509, 4 Pa. Dist. R. 287. The proper proceedings under the act of 1871 are by bill in equity. Philadelphia & R. R. Co. v. Pennsylvania S. Valley R. Co. 7 Pa. Co. Ct. 381. If the lower court improperly dissolves the preliminary injunction granted, it may be reinstated by the supreme court on appeal. Reynoldsville R. Co. v. Buffalo R. Co. 134 Pa. 541, 19 Atl. 674. The act cannot be used to abolish grade crossings already in existence, but applies only where a new road intends to cross an existing road. Norristown Junction R. Co. v. Citizen's Pass. R. Co. 9 Montg. Co. L. Rep. 103.

sale in 1871, under a mortgage executed in 1857. On account of its financial straits, the Hempfield Railroad Company never completed the whole of the road which it was authorized to build, and was constrained, in the construction of the completed portion thereof, to carry it across a large proportion of the valleys which it intersected by means of wooden trestle work, postponing the making of the more permanent and substantial "fills" to some future time. Among the trestles so constructed was one in the borough of Washington, built across the place where appellee attempted to cross.

The appellant has designed since 1872 to substitute for this trestle a fill wide enough for the accommodation of an additional track, and had made preparations to begin this work prior to the incorporation of appellee, but had from time to time postponed commencing it on account of delays in the completion of connecting railroads expected to occasion a large increase in appellant's traffic, to accommodate which these improvements would be required. The appellee having located its line in such a manner as to greatly and, as appellant claims, unnecessarily, interfere with the execution of its plans, and with its rights in the premises, and unnecessarily injure appellant, this bill was filed. The bill alleges an intention to commence the construction of these improvements within a year. It contains prayers that the appellee be restrained by preliminary injunction from crossing or attempting to cross, with its railroad, the railroad appropriation of the appellant until the court should have by a decree regulated the manner, terms, and conditions of crossing, and until compensation for such crossing should be paid or secured to the appellant. A preliminary injunction was thereupon awarded and a time fixed for a hearing upon motions to continue and to dissolve the same. After hearing, and argument of answer of appellee alleging that the fee simple of the land attempted to be crossed was in appellee, the court delivered the following opinion and decree:

OPINION OF HART, J., filed July 1, 1885, sur motions to continue and dissolve preliminary injunction:

Ordinarily, the practice undoubtedly is to dissolve a preliminary injunction upon motion, where the equity of the bill is denied and appears to the court to be doubtful, but that rule, in my opinion, is not applicable to a case like the present, where

the power of the court is invoked to regulate and prescribe the manner in which one railroad shall cross another. For by § 2, act of 1871, entitled "An Act Relating to Legal Proceedings by or Against Corporations" (Pamph. L., 1860), it is provided that, "when such legal proceedings relate to crossings of lines of railroads by other railroads it shall be the duty of courts of equity of this commonwealth to ascertain and define, by their decree, the mode of such crossing which will inflict the least practical injury upon the rights of the company owning the road which is intended to be crossed." Here, not only the alleged proposed crossing set out in the bill, but also that which the defendant company, by its affidavit, points out as the crossing actually surveyed and adopted, is complained of by the plaintiff as likely to do serious and unnecessary injury, without any physical necessity therefor. Under such circumstances, the clear duty of the court, under the act of 1871, as it seems to me, is to restrain the defendant from proceeding further, until it can be judicially ascertained and defined what, in the language of the statute, is "the mode of crossing which will inflict the least practical injury upon the rights of the company," the plaintiff to wit, "owning the road which is intended to be crossed." The preliminary injunction must, therefore, be continued until final hearing, or further order, and counsel will prepare a decree to that effect.

Previous to the filing of the above opinion and decree, the appellant presented his petition setting forth that appellee had violated the preliminary injunction and obtained a rule to show cause why appellee should not be attached for contempt of court. This rule was called up for argument July 1, 1885, on which argument appellee's counsel asked for a decree authorizing a temporary crossing of appellant's railroad. After hearing of argument the following opinion and decree was filed:

Opinion filed August 14, 1885, *sur* rule for attachment for contempt, per HART, J.:

As I am satisfied from all the evidence before me that no wilful or intentional contempt of court was intended by any of the officers, agents, or servants of the Chartiers Connecting Railroad Company, I have reached the conclusion to withhold a decree under the rule until final hearing, or, at least, for the pres-

ent. And, as I am also satisfied, further, that no harm can result to the Wheeling, Pittsburgh, & Baltimore Railroad Company from the decree asked by the Chartiers Connecting Railroad Company, for the privilege of laying, temporarily, a single track under the trestle of the former road, a decree to that effect will be passed, in order that the traveling public may pass with facility from the W. & W. depot, to that of the Chartiers Railroad, and also for the more convenient transportation of freight between the same points.

In the matter of the bill presented by the Chartiers Connecting Railroad Company, the preliminary injunction prayed for is refused.

This disposition of the case at the present time will lead to a speedy reference of all matters in controversy between these two corporations to an examiner and master.

And now, August 14, 1885, upon application of the Chartiers Connecting Railroad Company, it is ordered, adjudged, and decreed: That the said Chartiers Connecting Railroad Company are hereby authorized and empowered to lay one track of said railroad under the trestle work of the Wheeling, Pittsburgh, & Baltimore Railroad Company at the point where said railroad is located under the same, and to make the necessary alterations in said trestle work for the purpose of laying said track, and for the transportation of locomotives and cars under the same; and that said Chartiers Connecting Railroad Company shall have the right and privilege of using said track for the purposes of its business until the final determination of the proceedings now pending: Provided, that such alteration of the trestle shall be so made as not to interfere with the free use of said trestle by the Wheeling, Pittsburgh, & Baltimore Railroad Company for the transportation of its trains, and shall be constructed so as to delay the transportation of trains across said trestle as little as possible during its construction.

And the said Wheeling, Pittsburgh, & Baltimore Railroad Company, its agents, employees, and workmen are hereby enjoined from interfering or attempting in any way to interfere with the said Chartiers Connecting Railroad Company, its agents, engineers, employees, and workmen in the construction of said temporary crossing or in the subsequent use thereof as herein specified.

From the latter order and decree the Wheeling, Pittsburgh, & Baltimore Railroad Company appealed.

*A. W. & M. C. Acheson* for appellant.—As between two railroad companies, each claiming the right to occupy, as a location, a particular piece of ground, the right is with that which has first made a survey and staked out a center line. Wilkesbarre & P. R. Co. v. Danville, H. & W. R. Co. 29 Phila. Leg. Int. 373; Titusville & P. Centre R. Co. v. Warren & V. R. Co. 4 Legal Gaz. 117; New Brighton & N. C. R. Co's. Appeal, 31 Pittsb. L. J. 441. In this case we clearly showed to the court below (see affidavits of S. P. Kretzer, J. B. Washington, and C. M. Ward) a principle running through all the cases on the subject of adverse possession is that where a party is in actual occupation and use of any part of a tract which he is claiming under color of right, the limits of which are designated by a survey, by surrounding surveys or otherwise, he is legally in possession of the whole tract. Kite v. Brown, 5 Pa. 291; Gilday v. Watson, 2 Serg. & R. 407; Hole v. Rittenhouse, 25 Pa. 491, 494, 499.

Railroad companies may, in appropriating land, provide for future, as well as present, needs (Lodge v. Philadelphia, W. & B. R. Co. 8 Phila. 345), are not bound to exercise all their powers at once (People's Pass. R. Co. v. Baldwin, 37 Phila. Leg. Int. 424); may enlarge and improve their works as increase of business requires (Philadelphia, W. & B. R. Co. v. Williams, 54 Pa. 103; Black v. Philadelphia & R. R. Co. 58 Pa. 249); may temporarily disuse, or postpone the exercise of, a portion of their franchise (Hestonville, M. & F. Pass. R. Co. v. Philadelphia, 89 Pa. 210); may postpone the laying of additional tracks, any lay them after an interval (Philadelphia, W. &. B. R. Co. v. Williams, 54 Pa. 103; People's Pass. R. Co. v. Baldwin, 37 Phila. Leg. Int. 424); and, in the absence of anything manifesting a contrary intent, the presumption is that they have appropriated in any given case the full, regular width of right of way, and can make use of the same for the purposes of their incorporation (Prather v. Western U. Teleg. Co. 89 Ind. 501). It is the common practice of railroad companies to gradually, as their needs require, extend their actual use over the whole area of their appropriation.

A purchase by a railroad, attempting to cross the track of an-

other, of the land over which the latter passes and which it has not paid damages for, does not place the former railroad in a different situation from an ordinary intersecting railroad. Schuykill & S. Navigation v. Decker, 2 Watts, 343; Zimmerman v. Union Canal Co. 1 Watts & S. 346; Sibbald's Estate, 18 Pa. 249, 253; Lawrence's Appeal, 78 Pa. 365.

*A. M. Todd* for appellee.

PER CURIAM:

We see no cause for disturbing the preliminary injunction, as modified on the 14th of August, 1885. We think, however, a bond with sureties should have been given by the appellee under the act of May 6, 1844; therefore,

Decree affirmed. And it is further ordered that the appellee shall give bond, within twenty days, with sufficient sureties, to be approved by said court or judge thereof, conditioned to indemnify the appellant for all damages it may sustain by reason of said injunction of 14th of August, 1885. It is further ordered that each party pay one half the costs of this appeal.